[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-15351
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 7, 2011
JOHN LEY
CLERK

Agency No. A089-228-585


JAVIER MIGUEL-FRANCISCO,
a.k.a. Javier Esteban-Francisco,

                                                                    Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                                    Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(June 7, 2011)

Before EDMONDSON, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

Javier Miguel-Francisco, a citizen of Guatemala, seeks review of the Board of Immigration Appeals's ("BIA") final order affirming the Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal under the Immigration and Nationality Act ("INA"), and relief under the United Nations Convention Against Torture ("CAT").[1]  After review, we deny the petition.

## I.  BACKGROUND

We outline the events recounted in Miguel-Francisco's hearing testimony and asylum application.  When Miguel-Francisco was fourteen in 2005, members of a Guatemalan street gang, variously referred to as the Maras, the Mareros or the Maredos ("the Maras"), threatened, beat and threw stones at him.  The Maras told Miguel-Francisco, who is a Mayan Indian, that they hated him because he was not like them.  The Maras told him to join them and dress like them and tattoo his body.  Miguel-Francisco refused because the Maras hurt people and did drugs.

Every week, the Maras visited the home Miguel-Francisco shared with his mother and threatened to kill him if he did not join them.  In 2006, six teenaged Maras stopped Miguel-Francisco as he was making his way home, teased him

---

[1]On appeal, Miguel-Francisco does not challenge the denial of CAT relief.  Thus, we do not address this claim.  See Kazemzadeh v. U.S. Att'y Gen., 577 F.3d 1341, 1352 (11th Cir. 2009) (deeming abandoned petitioner's CAT claim to which the brief made only a passing reference).

because he was fatherless, hit him on the head and again threatened to kill him if he did not join their gang.

After the attack, Miguel-Francisco fled his village and lived on the street in the capital city for about three months. In October 2006, Miguel-Francisco followed a man through Mexico and into the United States. According to Miguel-Francisco's mother, the Maras came looking for Miguel-Francisco many times in 2006 and 2007.

Miguel-Francisco admitted that one of the Maras members had been his friend for three years before the attacks and was a Mayan. Miguel-Francisco explained that the Maras attacked him only because they wanted him to join their gang and that is why they never harmed his mother.

Although the IJ credited Miguel-Francisco's testimony, the IJ denied all relief. The IJ concluded that Miguel-Francisco was statutorily ineligible for asylum or withholding of removal because, inter alia, he had not shown a nexus between the Maras's mistreatment of him and the fact that he is Mayan. The IJ stated that "acts of private violence," "failure to cooperate with gangs," "fear of being the victim of crime" and "chaotic conditions in one's homeland" were not persecution on account of a protected ground.

On appeal, the BIA agreed that Miguel-Francisco failed to show the required nexus. The BIA stated that "the fear of harm resulting from general conditions of violence and civil unrest affecting the populace as a whole does not constitute an enumerated ground with the meaning of the [INA]." Miguel-Francisco petitioned this Court for review.

## II. DISCUSSION

To carry his burden to prove statutory refugee status, an asylum applicant must show either past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group or political opinion. INA § 101(a)(42), 8 U.S.C. § 1101(a)(42)(A); 8 C.F.R. § 208.13(a); Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1257 (11th Cir. 2006).[2] Under the REAL ID Act of 2005, an asylum applicant must demonstrate that one of the protected grounds "was or will be at least one central reason" for the persecution. INA § 208(b)(1)(B)(i); 8 U.S.C. § 1158(b)(1)(B)(i) (emphasis

---

[2]Similarly, an alien seeking withholding of removal must show that it is more likely than not that he will be persecuted on account of race, religion, nationality, membership in a particular social group or political opinion. INA § 241(b)(3), 8 U.S.C. § 1231(b)(3); Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1232 (11th Cir. 2005). Because this standard is more stringent than the standard for asylum, an alien who fails to establish asylum eligibility generally cannot satisfy the higher burden for withholding of removal.

added).[3] Evidence of acts of private violence or criminal activity do not demonstrate persecution on a protected ground. Ruiz, 440 F.3d at 1258. Under the substantial evidence standard of review, we will reverse the finding that an applicant failed to demonstrate the required nexus only if the record compels a finding to the contrary. See Rodriguez Morales v. U.S. Att'y Gen., 488 F.3d 884, 890 (11th Cir. 2007).[4]

Here, substantial evidence supports the finding that Miguel-Francisco failed to show he was persecuted or had a well-founded fear he would be persecuted based on his Mayan race or his membership in the particular social group of Mayan Indians.[5] Although Miguel-Francisco asserts that the Maras threatened him because he is Mayan, he presented no evidence to support this claim. In fact, Miguel-Francisco repeatedly testified that the Maras threatened and attacked him because they wanted him to join their gang and he refused to do so. Miguel-

---

[3]The REAL ID Act applies to applications filed after May 11, 2005. See Pub. L. No. 109-13, § 101(h)(2), 119 Stat. 231, 305-06 (2005). Because Miguel-Francisco's application was filed in July 2009, the REAL ID Act's provisions apply to his case.

[4]Because the BIA's decision adopted the IJ's reasoning as to the lack of a nexus, we review the decisions of both the IJ and the BIA. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001).

[5]Miguel-Francisco does not challenge the IJ's ruling that, to the extent the relevant group is young Guatemalan men who resist gang recruitment, that group does not meet the definition of a "particular social group" under the INA. Thus, we do not address this issue. See Sepulveda, 401 F.3d at 1228 n.2 (explaining that "[w]hen an appellant fails to offer argument on an issue, that issue is abandoned").

Francisco admitted that the Maras gang in his village had at least one Mayan member already and had never harmed his Mayan mother. Although Miguel-Francisco's application stated that the Maras did not like him because he was not like them, this was not a reference to his Mayan ethnicity given that they told him to dress like them and tattoo his body.

The U.S. State Department's 2008 Human Rights Report for Guatemala indicates that societal violence from non-state actors, such as gangs, organized crime and narcotics traffickers, is "widespread" and "rampant" in Guatemala and that gangs often recruit street children "for purposes of stealing, transporting contraband, prostitution, and illegal drug activities." The 2008 Report also noted that indigenous people suffer discrimination and cited examples of threats or violence by unidentified individuals against activists and leaders in indigenous communities.[6] However, nothing in the 2008 Report suggested that the Maras, or any other street gang, singled Mayans out for violence or threats.

On the record in this particular case, the evidence does not compel a conclusion that one of the Maras's central reasons for targeting Miguel-Francisco was the fact that he is Mayan. Because Miguel-Francisco failed to carry his lower

---

[6]The Maya are only one of 22 ethnic groups that make up Guatemala's indigenous people.

6

burden of proof with regard to asylum, he was also ineligible for withholding of removal. Accordingly, we deny Miguel-Francisco's petition for review.

**PETITION DENIED.**